IN THE MATTER OF ANTHONY M. LANZA, AN ATTORNEY-AT-LAW OF NEW JERSEY.

Argued November 19, 1963—Decided January 20, 1964.

*Mr. Frederick C. Vonhof* argued on the Order to Show Cause for the Essex County Ethics Committee.

*Mr. Milton M. Unger* argued the cause for respondent Lanza (*Messrs. Milton M. & Adrian M. Unger,* attorneys).

The opinion of the court was delivered

PER CURIAM. The Essex County Ethics Committee filed a presentment with this court in which it found the respondent guilty of unethical and unprofessional conduct and submitted the matter to this Court for such disciplinary action as it might deem necessary and proper under the circumstances. Subsequently an order to show cause why respondent should not be disbarred or otherwise disciplined issued out of this court.

Respondent was suspended from the practice of law for a period of three months in 1957 for delay and misrepresenta-

tion to a client in a divorce proceeding, constituting violations of *Canons* 15, 21, 22 and 29, *In re Lanza,* 24 *N. J.* 191 (1957), and reinstated on October 17, 1957, 25 *N. J.* 608 (1957).

Under date of July 9, 1962, one Guiseppe DiPeri filed a complaint with the Essex County Grievance Committee charging that respondent had issued a check to him which was dishonored because respondent had insufficient funds on deposit with drawee bank. During the hearing on this complaint facts were disclosed which alerted the Committee to other instances of possible unethical and unprofessional conduct. Consequently, the Committee, on its own motion, filed a further "Statement of Charges."

After a hearing on these charges the Committee filed a Presentment which reads in part:

"From the entire record the Committee concludes that the respondent's mishandling of the trust funds and his gross negligence constitute violations of ethics. Respondent commingled trust and personal funds in his trustee account, and permitted the balance to be less than the total of trust moneys supposedly in the account, a violation of Canon 11 which proscribes the commingling of personal and trust funds coming into the possession of the lawyer. Respondent was grossly careless and incompetent in his handling of the trustee account, and in accounting for trust moneys of various clients, and in the administration of the two decedent's [*sic*] estates entrusted to him in a fiduciary capacity. His lack of records and his inability to properly reconstruct and satisfactorily explain to the Committee the particulars of each of the two simple estates, even after the preferment of the Committee charges and the considerable advance notice of the date of hearing, clearly demonstrate his ineptitude and incompetence, and constitutes an additional violation of Canon 11, which requires that trust property coming into the possession of the lawyer should be reported and accounted for promptly. Respondent's trustee account indicates he used trust moneys for his personal purposes. While respondent does not admit he converted any trust money, nor is it indicated that any client suffered any monetary loss, his explanation that he kept estate moneys in cash in the files in the attic of his home is incredible and unworthy of belief. The Committee does not believe his explanation that he did in fact keep cash segregated in his clients' files. The Committee concludes he never hesitated to use such cash for his own purposes, and it feels that respondent's course of conduct may result in definite irreparable loss to clients in the future."

An examination of the entire record leads us to the conclusion that the evidence amply supports the Committee's finding that respondent mishandled trust funds in that he commingled such funds and his personal funds; withdrew trust monies supposedly in a trust account for his personal use to the extent that the balance was frequently less than the total of clients' money which should have been on deposit; converted clients' monies to his own account; and kept no accurate record of the amount of clients' money in his possession. We note also that the Essex County Ethics Committee, on a prior complaint of mishandling a client's funds, accepted respondent's explanation of lack of knowledge of a requirement that such funds be segregated, and an inability to maintain proper records. He was at the time instructed by a member of the Committee as to the proper procedure. In the light of the above explanation and the absence of any loss to a client, no charges were presented against him.

We agree that respondent was guilty of unethical conduct in the above particulars and conclude that some disciplinary action is required. He has failed to comprehend the gravity of his derelictions and has not exhibited the understanding of the underlying ethical problems which would assure an immediate and continued adherence thereto. However, in determining the appropriate disciplinary action it must be remembered that when called upon, he produced all of the funds to which his clients were entitled, and that no client sustained a loss as a result of his conduct.

In view of the foregoing we conceive that respondent should be suspended from the practice of law for a period of three years and until the further order of this court. Let such an order issue.

*For suspension for three years*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*Opposed*—None.